■ In the Matter of ORANGE & ROCKLAND UTILITIES, INC., Appellant, v CLARA M. WILLIAMS et al., Respondents.— In proceedings pursuant to Real Property Tax Law article 7 to review assessments (for purposes of taxation) on certain real property, and on electric transmission lines and equipment taxed as real property under Real Property Tax Law § 102 (12), owned by petitioner in the Town of Ramapo, petitioner appeals from a final order and judgment (one paper) of the Supreme Court, Rockland County (Burchell, J.), entered July 20, 1983, which dismissed the petitions for the tax years 1978/1979, 1979/1980, 1980/1981 and 1981/1982, after a consolidated trial.

Final order and judgment reversed, on the law, without costs or disbursements, and new trial granted.

The subject of these proceedings is assessments made by the Town of Ramapo on certain electric utilities and transmission properties owned by petitioner (a regulated utility) and located within the Town of Ramapo.

Petitioner's experts utilized three valuation approaches: (1) cost (reproduction cost new less "All Types" of depreciation), (2) income ("Earnings"), and (3) market data.

Respondents' experts used the cost approach (reproduction cost "less allowances for all forms of depreciation and obsolescence").

In rendering its findings and dismissing the petitions, the trial court criticized the technique and contents of the earnings and market approaches used by petitioner's expert, and held that, as a matter of law, the most reliable indicator of the upper limits of value for the subject property is reproduction cost new less depreciation; that "[c]onsidering the inherent protection afforded to investors in such a state sanctioned monopoly * * * this is the only method 'which will yield a legally and economically realistic value of the property' ". The court then utilized that method to the extent of finding that petitioner's figures for reproduction cost new less depreciation should be reduced by a specific average economic obsolescence factor for each of the years under review. The figures, as adjusted by the court, were substantially higher than the figures found by the State Board of Equalization and Assessment (SBEA) (in an advisory appraisal utilized by respondents) and the assessments actually fixed by respondents.

The court further specifically found that the SBEA assessment methodology was correct in form and application and that petitioner had failed to establish on the totality of this record that the assessments were other than fair and reasonable.

We find that the trial court's criticisms of the technique and contents of petitioner's earnings and market approaches were well taken, in the light of the evidence before it. It is manifest that the crucial issue in the proceedings was the amount and types of deductions from reproduction cost new in the cost approach appraisal of both parties. Petitioner's expert took massive deductions to reach valuations that approximated the net book cost (book cost less depreciation reserve) rate base upon which the Public Service Commission fixed a permissible rate of return. Thus the trial court's decision notes that, after taking deductions for physical and functional obsolescence, petitioner's expert:

"reduced these net figures by the following percentages to account for 'economic obsolescence', and to arrive at his findings of 'fair market value'.

| | "Reproduction Cost New Less Depreciation and Functional Obsolescence | Reduction for 'economic obsolescence' | Percentage Reduction for Economic Obsolescence | Claimed Fair Market Value |
|---|---|---|---|---|
| "1978 | $17,150,000 | $ 8,578,000 | 50.02% | $ 8,352,000 |
| "1979 | $33,090,000 | $16,982,600 | 51.32% | $15,695,800 |
| "1980 | $36,293,000 | $20,566,300 | 56.67% | $15,339,100 |
| "1981 | $39,293,000 | $24,010,500 | 60.97% | $14,984,100". |

Petitioner's theory essentially was that the market would take into consideration the fact that petitioner is a regulated utility whose rate of return is limited to that allowed by the Public Service Commission. Petitioner's cost approach mechanism to obtain the fair market values reported by its expert took into account massive deductions for "economic obsolescence" derived by capitalizing a hypothetical loss of income due to regulation.

Respondents' cost approach appraisal also took deductions for "all forms of depreciation and obsolescence".

At the close of the subject trial petitioner moved to strike the appraisal report submitted by respondents. The basis for the motion was the alleged failure of the report to comply with requirements of 22 NYCRR 678.1 (d). That rule provides, in pertinent part: "The appraisal reports shall contain a statement of the method of appraisal to be relied on and the conclusions as to value reached by the experts, *together with the facts, figures and calculations by which the conclusions were reached*" (emphasis added). The trial court held that the respondents' appraisal was in substantial compliance with the subject rule and denied petitioner's motion.

We find, however, that the report was in substantial violation of that rule and that petitioner's motion should have been granted. It is manifest that virtually every fact, figure and calculation necessary for an understanding of the complex report and conclusions—particularly the respondents' deductions from reproduction cost new for "all forms of depreciation and obsolescence"—was absent from the report. Respondents' own witnesses admitted the absence from the report of facts, figures and calculations by which respondents reached their reproduction cost new less depreciation figures and that a great deal of data was in the SBEA computer and not in the appraisal report; in fact, respondents' trial counsel asserted

that the trial court would not be able to see over the pile of omitted computer printouts, although he claimed that the printouts contained strictly mathematical calculations which inclusion in the appraisal was unnecessary.

We conclude that in view of the crucial importance of the nature and extent of deductions from reproduction cost new, petitioner was highly prejudiced in presenting its case, in cross-examination at the trial, and in meeting its burden of proof, and that its motion to strike should have been granted. However, in view of questions as to nature and quality of petitioner's extensive evidence and the need for a proper record for a correct and fair resolution of the question of deductions for the various forms of a depreciation and obsolescence, the remedy in the case at bar is a new trial *(see, Matter of Tenneco, Inc. v Town of Cazenovia,* 104 AD2d 511). Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.